**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| TERRY FOSTER, | )    CASE NO. 1:26-cv-000826-JRA |
| | ) |
| Plaintiff, | )    JUDGE JOHN R. ADAMS |
| | )    UNITED STATES DISTRICT JUDGE |
| v. | ) |
| | )    MAGISTRATE JUDGE |
| WARDEN ANGELA STUFF, | )    CARMEN E. HENDERSON |
| | ) |
| Defendant | ) |
| | )    **REPORT AND RECOMMENDATION** |

This matter is before the Court upon Jerry Jermaine Heflin's ("Petitioner") *Emergency Motion for bond*, filed July 17, 2026. (ECF No. 10). Warden ("Respondent") filed an opposition brief on July 29, 2026. (ECF No. 12). Petitioner did not file a reply. For the following reasons, the Court recommends the motion be DENIED.

"A prisoner seeking bail pending review of his habeas petition must, among other requirements, convince the district court that exceptional circumstances and the 'interests of justice' warrant relief." *Pouncy v. Palmer*, 992 F.3d 461, 463 (6th Cir. 2021) (quoting *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990)). An inmate can rarely satisfy such a standard. *Id.*; *see also Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993) (superseded in part by the Anti-Terrorism and Effective Death Penalty Act of 1996 but holding related to exceptions still valid). Aside from proving exceptional circumstances, a petitioner must also demonstrate the existence of a "substantial claim of law based on the facts" for release. *See Dotson*, 900 F.2d at 79.

In his instant motion, Petitioner alleges "judicial malfeasance" committed by a "vindictive" judge in the Ohio state court system. (ECF No. 10, at 1-6). Petitioner's motion repeatedly argues

1

for his innocence. *Id.* However, Foster does not provide any extraordinary circumstances that justify his immediate release.

Regardless of whether Petitioner can demonstrate a "substantial claim of law," he has not met the "high bar" for showing exceptional circumstances. *See Pouncy,* 993 F.3d at 463 ("A prisoner seeking bail pending review of his habeas petition must, amongst other requirements, convince the district court that exceptional circumstances and the 'interests of justice' warrant relief.") (citing *Dodson*, 900 F. 23 at 79). Moreover, district courts have limited exceptional circumstances justifying release during review "to situations where (1) the prisoner was gravely ill, (2) the prisoner committed a minor crime and is serving a short sentence, or (3) possibly where there was an extraordinary delay in processing the habeas petition." *Gideon v. Treglia*, 2021 WL 6031492, at *3 (N.D. Ohio Dec. 21, 2021) (quoting *Blocksom v. Klee,* 2015 WL 300261, at *4 (E.D. Mich. Jan. 22, 2015)). Absent any showing of an extraordinary circumstance justifying release in this case, Petitioner's motion should be denied. *See Greenup,* 57 F. App'x 620, 621, 2003 WL 173097 (6th Cir. 2003) (upholding the denial of bond in a habeas case, noting that the petitioner had "not demonstrated any unusual circumstances warranting the relief requested"); *Lordi v. Ishee*, 22 F. App'x 585, 586 (6th Cir. 2001) (same).

Petitioner is currently serving an aggregate sentence of twenty-one years to life for one count of murder, one count of involuntary manslaughter, one count of drug trafficking, and one count of felonious assault. (*See* Offender Details, https://appgateway.drc.ohio.gov/OffenderSearch/Search/Details/A800636). Several years of his prison sentence remain since he was originally sentenced on February 24, 2023. (*See* ECF No. 1 at 1); *State v. Foster*, 2024-Ohio-2075, ¶ 6 (Ohio Ct. App. 8th Dist. 2024) (superseding 2024-

2

Ohio-1160). Finally, in his Motion for Bond, Petitioner has not alleged any extraordinary delays in his present habeas petition. The only "exceptional circumstance" that Petitioner's motion advances is his personal belief in his innocence and this Court finds this does not meet the high bar for justifying release.

Accordingly, the Court finds that Petitioner has failed to demonstrate exceptional circumstances as required to obtain release. The Court therefore RECOMMENDS that this motion be DENIED.

Dated: August 12, 2026

s/ *Carmen E. Henderson*
CARMEN E. HENDERSON
U.S. MAGISTRATE JUDGE