**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TERRY FOSTER, | ) | CASE NO. 1:26-cv-000826-JRA |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | UNITED STATES DISTRICT JUDGE |
| v. | ) | |
| | ) | MAGISTRATE JUDGE |
| WARDEN ANGELA STUFF, | ) | CARMEN E. HENDERSON |
| | ) | |
| Defendant | ) | **REPORT AND RECOMMENDATION** |
| | ) | |

This matter is before the Court upon Terry Foster's ("Petitioner") *Motion for Default Judgment, and/or Motion for Evidentiary Hearing on the Face of the Merits of the Violated 7/31/24 Remand Order Stated in Petition of the Petitioner*, filed on August 10, 2026. (ECF No. 15). Warden ("Respondent") did not file a response. For the following reasons, the Court recommends the motion be DENIED.

In his motion, Foster seeks default judgment pursuant to Fed. R. Civ. P. 55(a). Pursuant to Fed. R. Civ. P. 55(a), "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." *See* Fed. R. Civ. P. 55(a). First, Respondent properly requested, and this Court granted an extension to file their Answer. (ECF No. 11). Respondent subsequently filed their answer on August 31, 2026. (ECF No. 19). Therefore, it is unclear to this Court how Respondent is in default. Additionally, the Sixth Circuit has made clear that default judgments are not available in habeas corpus proceedings. *See Allen v. Perini*, 424 F.3d 134, 137 (6th Cir. 1970) (holding that default judgment has "no application in habeas corpus cases"); *Harris v. Warden, London Correctional Institution*, 2018 WL 1224456 at * 2 (6th Cir. 2018) ("Default judgment is not generally available in habeas proceedings."); *Reed v. Hunsinger*, 2024 WL 4475463 (N.D.

Ohio Sept. 19, 2024) *Rice v. Welch*, No. 3:10 CV 1916, 2014 WL 4794585 (N.D. Ohio Sept. 23, 2014); *King v. Kelly*, 2014 WL 3053183 at * 1 (N.D. Ohio July 7, 2014)) ("The Sixth Circuit has made clear that default judgments are not available in habeas corpus proceedings."); *Mahaday v. Cason,* 222 F.Supp.2d 918, 921–922 (E.D. Mich. 2002), *aff'd,* No. 05–1785, 2007 WL 1310158 (6th Cir.2007), *cert. denied,* 552 U.S. 1198 (2008). Thus, the undersigned recommends Foster's motion for default judgment be DENIED.

Moreover, Foster seeks an evidentiary hearing to develop facts that he believes will prove his innocence. However, whether a hearing will be necessary is not ripe for review as the briefing has not been completed in this matter. *Virostek v. Black*, 2023 WL 12119458 (N.D. Ohio Jan. 19, 2023). The Court will determine whether an evidentiary hearing is warranted under Habeas Rule 8 when it reviews the merits of his petition. Accordingly, if after review of the petition the Court finds a hearing is warranted, Petitioner may request counsel at that time. Thus, the undersigned recommends that Petitioner's request for an evidentiary hearing be DENED as moot and premature**.**

As discussed above, default judgments are not available in federal habeas corpus cases. Petitioner has failed to show that he is entitled to default judgment or that a hearing on this matter is necessary. Accordingly, the Court therefore RECOMMENDS that this motion be DENIED.

Dated: September 3, 2026

s/ *Carmen E. Henderson*
CARMEN E. HENDERSON
U.S. MAGISTRATE JUDGE